Ramon Oquendo Leslie Cahill Good morning, and may it please the court, Conor Reardon for the United States. The question in the 924C in furtherance case is whether the firearm afforded some advantage, even a theoretical one, relevant to drug trafficking. This court has emphasized that that inquiry is fact-intensive and particularly well-suited to resolution by a jury. Here, the jury resolved that inquiry in the government's favor, and no surprise, Mr. Okendo kept the ghost gun in an easily accessible location in his bedroom, specifically in a closet in a cardboard box that also contained 88 grams of fentanyl and 64 grams of crack, and a few feet away from a dresser containing approximately $43,000 in apparent drug proceeds. The firearm afforded Mr. Okendo obvious advantages relevant to his drug trafficking, to put it in terms of the ultimate inquiry. And these facts also take virtually every one of the snow factors that this court has developed in order to guide that inquiry. Mr. Okendo focuses largely on the fact that the gun was unloaded, but that's unconvincing on multiple fronts. Factually, a loaded magazine was bound to the gun, and in that sense afforded Mr. Okendo virtually the same advantage that a loaded weapon would have. And legally, whether the gun is loaded is one factor of many and not, as Mr. Okendo would have it, essentially some threshold requirement in the 924C case. This court should affirm the 924C conviction. Ms. Kirk? I'm sorry. Just to make sure I'm clear, there's no issue here about the jury instructions, right? Everyone concedes the jury was properly instructed, and the only issue is sufficiency of the evidence. That's correct, Your Honor. It's a straight sufficiency challenge. Mr. Okendo also raises a Second Amendment argument which he never mentioned in district court, which is accordingly reviewed for plain error. This court won't find plain error where the pertinent legal issue is unsettled, including where there's no binding precedent from this court or the Supreme Court clearly determining the issue. This case is not particularly close. The Supreme Court has now three times reiterated the presumptive lawfulness of felon dispossession laws. Indeed, Bogle was decided on that ground. Multiple courts of appeals have held that Section 922G1 is constitutional in all of its applications, and among those that have permitted as applied challenges, none has accorded relief to somebody with a record of drug convictions as Mr. Okendo has. But I think our court has not ruled on that, correct? As Judge Kahn was noting, we've heard some cases addressing that. I don't think we've issued a decision on one of those cases yet. And in terms of the question of plain error, we do assess it at the time of the appeal. So, for instance, if our court today were to issue a decision saying that, in fact, this statute does, is unconstitutional, is a violation of Bruin, that could be considered in determining whether or not the error in this case was plain, putting aside the other factors, correct? Yes, Your Honor, that question is assessed as of when the appeal was disposed of, not as of the time of the decision in district court. I think Jericho was the first argued case that's been pending for quite some time. I will say, however, that this court has, in the meantime, decided several 922G1 cases that are up on plain error review. I can't recall whether the first one was before Jericho was argued or not, but I know Ogidi or Ogdi was decided, I believe, in May, which was well after Jericho was argued. And so, you know, this court, in the government's view, should adhere to the practice of deciding the plain error question, which is separate from the de novo 922G1 question. I'll add, also, Your Honor, that while it's the case that's a decision in Jericho that 922G1 is flatly, facially unconstitutional, would bear, obviously, on the claim in this case, that's a path that no court of appeals has taken. And, indeed, the courts of appeals that have permitted even as-applied challenges have observed, for the most part, that G1 can almost certainly be constitutionally applied to a defendant with a record of drug trafficking convictions, of which Mr. Akendo had four at the time he possessed the weapon. So there was some discussion during my friend's argument about the nonexistence of controlled substance laws at the time of the founding. I think that Your Honor was exactly right, that that slices things a bit too thin under the analysis in Rahimi. Last month, the Sixth Circuit became the latest court of appeals to permit limited as-applied challenges to G1. In so doing, it analogized drug trafficking today to burglary, a felony that was well-established at the time of the founding, in that while the act does not itself involve the use of violence directly against another person, it carries with it the potential for violent confrontation. Of course, the government's view would be that the history demonstrates that felonies writ large can be punished by disarmament. All of that is to say, Your Honor, that even if there were a decision in Jericho finding that in some circumstances 922 G1 is subject to as-applied challenge, that would not necessarily mean relief for Mr. Akendo. I'm happy to answer any other questions from the panel. If there are none, we'll ask the Court to affirm. All right. Thank you very much. Thank you. I want to pick up with the Sixth Circuit case that Mr. Reardon cited. First of all, that case is distinguishable because the defendant there, his priors were for aggravated robbery, attempted murder. So to the extent the Sixth Circuit went on to kind of opine about the dangerous nature of drug trafficking, I would submit that that's dictum. But I think that case is important because it also illustrates another point that I wanted to raise, which is why Bogle is no longer finding on this Court. So in Williams, the Sixth Circuit case, the Sixth Circuit overruled its pre-Bruin precedents, interpreting 922 G to the extent that they simply relied on the Heller one-off reference to the felon in possession statutes. The Sixth Circuit noted that applying Heller's dicta uncritically would actually be at odds with the decision itself, which stated that courts have to expand upon the historical justifications for firearm possession restrictions when the need arose, which was further clarified, obviously, in Bruin. The Fifth Circuit did the same thing in the Diaz case I cited earlier. So increasingly, the trend is for the courts of appeals confronting this issue post-Bruin, post-Rahimi, to recognize that it's no longer sufficient to rely on the Heller-McDonald dicta and that the two-step inquiry under Bruin is, in fact, the way that these challenges need to be addressed. I think it's also significant that the Tenth Circuit case that the government cites in its brief, Vincent v. Garland, was one of the decisions that was vacated by the Supreme Court following Rahimi for the court of appeals to revisit the issue in light of Rahimi. Vincent had reaffirmed the constitutionality of Section 922 G based on an earlier decision of the Tenth Circuit, which was United States v. McCain. That's 573 F. 3rd 1037. McCain is virtually identical to Bogle. It relied very perfunctorily on the Heller dicta to find 922 G constitutional. And so I think it's significant that that line of cases has been vacated following Rahimi, and increasingly the courts of appeals, as I mentioned, are now undertaking the two-step analysis, and we would ask that the court do so here. So for the reasons I've articulated and those set forth in our brief, we would respectfully request that the court vacate Mr. Equendo's convictions on Counts 5 and 6, enter a judgment of acquittal as to Count 5, and order that Count 6 be dismissed. Thank you. Thank you very much. Thank you to both of you.